

# The Attorney General of Texas

March 18, 1982

**MARK WHITE**
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Mr. Maurice S. Pipkin
Executive Director
State Commission on
  Judicial Conduct
P.O. Box 12265
Austin, Texas 78711

Opinion No. MW-456

Re:   Collection and retention
of notary fees by employees of
a justice of the peace

Dear Mr. Pipkin:

You have requested our opinion regarding the question of whether a justice of the peace or his employees may collect and retain a fee of fifty cents ($.50) for administering the oath, and affixing the certificate and seal on sworn pleadings filed by a plaintiff in justice of the peace court in addition to the $7.00 fee authorized by article 3935, V.T.C.S. You have also requested our opinion regarding the question of whether an employee of a justice of the peace may collect and retain a fee for administering the oath and affixing the certificate and seal on a personal bond for a defendant charged with a class "C" misdemeanor, which personal bond has been authorized in the justice court in which such employee is employed and in which such class "C" misdemeanor is pending.

With regard to the first question, article 3935, V.T.C.S., states that justices of the peace are required to collect the following fees for services rendered by them:

    A.   Fee before entry of judgment:

        For each original cause or action, cross-action, third-party action or intervention in the justice civil courts: for filing, or filing and registering, or filing and recording, and for docketing and including taxing costs for each and all applications, complaints, petitions, returns, documents, papers, legal instruments, records or proceedings; for issuing, including the recording of the return thereon, each and all citations, notices, subpoenas, commissions to take depositions, orders, writs, processes, or any and all other instruments, documents or papers authorized, permitted or required to be issued by

the justices of the peace on which a return must
be recorded; for causing juries to be summoned and
swearing them, and receiving and recording jury
verdicts; for swearing witnesses; for approving
bonds involved in court actions; for administering
oaths; for rendering and recording judgment; and
for all other clerical duties in connection with
such justice of the peace court docket:   a fee
of..... $7.00.

Article 3935 includes "administering oaths" as one of several
services for which a total fee of $7.00 shall be charged by a justice
of the peace. We note that article 3945, V.T.C.S., provides for a
$.50 fee to be charged by a notary public for administering an oath
with certificate and seal. We do not believe this statute applies to
a justice of the peace administering an oath with certificate. A
justice of the peace has these powers pursuant to article 26,
V.T.C.S., because he is a justice of the peace. He is not, however,
for that reason a notary public subject to article 3945. Although a
justice of the peace must be commissioned as an ex officio notary
public of his county, when he acts pursuant to article 3935 he acts as
a judicial officer and not as a notary public. Therefore, neither a
justice of the peace nor an employee acting for him may charge the
additional $.50 fee pursuant to article 3945, V.T.C.S.

As to the second question, chapter 17 of the Code of Criminal
Procedure sets out the court's authority to release a defendant on his
personal bond and the requisites for same. Chapter 17 does not
authorize the collection of any fees by the court with regard to a
defendant's release on his personal bond. The fee of $7.00 which
article 3935, V.T.C.S., authorizes for the filing of a complaint and
other instruments in a justice court is inapplicable to civil cases.
Attorney General Opinion MW-249 (1980) states that article 3935 is
limited to civil cases.

We are aware of no other statute which would permit a fee to be
charged and collected by an employee of a justice of the peace for
administering the oath and affixing the certificate and seal on a
personal bond. It is therefore our opinion that an employee of a
justice of the peace is not authorized to collect and retain a fee for
administering the oath and affixing the certificate and seal on a
personal bond for a defendant charged with a class "C" misdemeanor,
which personal bond has been authorized in the justice court in which
such employee is employed and in which such class "C" misdemeanor is
pending. See Moore v. Sheppard, 192 S.W.2d 559 (Tex. 1946) (public
officials not entitled to extra compensation for services within scope
of official duties).

## S U M M A R Y

Neither a justice of the peace nor his employee may collect a notary fee of $.50 for administering an oath with certificate and seal on sworn pleading filed in justice court pursuant to article 3945, V.T.C.S. An employee of a justice of the peace may not collect a fee for administering an oath and placing the certificate and seal on a personal bond for a defendant charged with a class "C" misdemeanor.

Very truly yours,

M A R K   W H I T E
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan L. Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
Bruce Youngblood